IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER KOLUPA,

    Plaintiff,

v.

ROSELLE PARK DISTRICT,

    Defendant.

Case No. 04 C 6385

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Kolupa (hereinafter, "Plaintiff") filed a *pro se* amended complaint under Title VII of the Civil Rights Act of 1964 for failure reasonably to accommodate his religion, retaliation, and religious discrimination based on disparate treatment, discharge, written warnings, and failure to promote against the Defendant Roselle Park District (hereinafter, "Defendant"). 42 U.S.C. § 2000e *et seq.* Before the Court is Defendant's Motion to Dismiss, which is **granted** for the following reasons.

### I. THE EEOC CHARGE

Defendant argues that Plaintiff's claims of reasonable accommodation, retaliation, and discrimination for failure to promote are barred because they were not included in Plaintiff's EEOC charge.

"As a general rule, a Title VII Plaintiff cannot bring claims in a lawsuit that were not included in his EEOC Charge." *Cheek v.*

*Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). If a litigant includes a claim in the complaint not originally present in the EEOC charge, then it must be like or reasonably related to the EEOC charge and could reasonably develop from the EEOC investigation into the charge. *Id.*

Plaintiff checked only the Religion box in his EEOC charge and then described the factual basis stating: the date he was hired; his position title; that in May 2003 he "was subjected to religious comments made by the Interim Director"; that "he received four written warnings in May, August, and December 2003"; that in May 2003 "he was required to go to EAP"; and that in December 2003 "he was placed on administrative leave and offered a severance package," which he refused and was subsequently discharged. Plaintiff then stated that "I believe that I have been discriminated against on the basis of my religion, Christian. . . ." Plaintiff did not check the "retaliation" or "other (*Specify* below)" boxes, nor did he explicitly reference any acts of retaliation, failure to reasonably accommodate his religion, or failure to promote.

Turning first to Plaintiff's retaliation claims, "[r]etaliation and discrimination are separate and distinct wrongs. Indeed, the very gist of a retaliatory harassment action[] is that the employer has 'lashed out' against an employee for filing discrimination charges, not out of animosity for the employees'

- 2 -

race or national origin." *Nair v. Bank of Am. Ill.*, 991 F. Supp. 940, 954 (N.D. Ill. 1997). Thus, the literal language of the retaliation claim in the complaint is not included within the scope of his EEOC charge.

The Court next considers whether Plaintiff's retaliation claim satisfies the two-part reasonability test. This is a close call, but EEOC charges are meant to be read broadly with respect to the subsequent pleading. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164 (7th Cir. 1976), *cert. denied*, 429 U.S. 986 (1976). Also, "what boxes are checked on an EEOC form do not necessarily control the subsequent civil complaint." *Kristufek v. Hussmann Food Serv. Co.*, 985 F.2d 364, 368 (7th Cir. 1993). Plaintiff's pleading discusses that he complained to other Roselle Park District employees and the EAP concerning interim director Jim Basset's May 2003 religious comments toward Plaintiff. (Compl. ¶ 1). Plaintiff then alleges that a May 2003 write-up was in retaliation for discussing the religious comments with the EAP. The Court concludes that <u>only</u> the allegations in the complaint regarding Basset's religious comments and the subsequent May 2003 write-up form the basis for his retaliation claim.

Defendant's notice on this claim is weak, but liberally construing the *pro se* EEOC charge and pleading, there is a common factual basis for the retaliation claim. *Saldana v. City of Chicago*, 972 F. Supp. 453, 457-58 (N.D. Ill. 1991)(stating that a

claim could be "like or reasonably related" to the EEOC Charge because both share the "*same conduct* and implicate the *same individuals*"). Although Plaintiff does not explain the EAP's role in either his EEOC charge or his complaint, nor does his EEOC charge explicitly state that he actually complained about the religious comments to the EAP, for the present purpose only, the Court assumes that the EAP is affiliated with the Roselle Park District where employees can lodge complaints and that Defendant is familiar with the EAP to put it on notice regarding the EEOC charge. The Court also finds that the retaliation claim could grow out of an EEOC investigation of Plaintiff's charge only with respect to the above-mentioned May EAP incident. *See Kristufek*, 985 F.2d at 368 (finding that retaliation charges grow out of common facts and time of discrimination in the EEOC charge to give defendant some notice).

Turning to the reasonable accommodation of religion claim, Plaintiff's allegations are not explicitly listed in his EEOC charge. The Court concludes that his reasonable accommodation allegations are not "reasonably related" to his EEOC charge, nor could they be expected to grow out of an EEOC investigation.

Plaintiff's complaint offers two instances of Defendant's alleged failure to accommodate his religion: one instance occurred sometime after the May warning where Plaintiff requested and was denied time off around his lunch hour to play guitar for children

at his church; and the other instance occurred in December 2003 where Plaintiff requested and was denied time off to play guitar at a Christian funeral. Plaintiff's EEOC charge makes no factual reference to these instances, nor does Plaintiff's general discrimination statement support the specific accommodation claim. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110-12 (7th Cir. 1992). Plaintiff's complaint also makes clear that the four warnings mentioned in the EEOC charge were separate and unrelated instances of alleged misconduct, in which the accommodation allegations would not reasonably develop from the EEOC investigation.

This analysis is also true of Plaintiff's failure to promote allegations. Plaintiff claims he was written up and that he was discharged, but nowhere in the EEOC charge does Plaintiff mention the possibility of promotion or other reasonably-related facts that would put Defendant on notice. *See id.* Therefore, any allegations in Plaintiff's complaint relating to Defendant's failure to promote him are dismissed.

Accordingly, Plaintiff's complaint may include a retaliation claim, but the reasonable accommodation and failure to promote claims are dismissed. The sufficiency of Plaintiff's discrimination claim based on discharge and disparate treatment is also questionable. *See id.* However, Defendant's motion to dismiss only

argues that Plaintiff's complaint fails to state a discrimination claim.

## II. **FAILURE TO STATE A CLAIM**

Defendant argues that Plaintiff fails to state a claim for religious discrimination based on disparate treatment, which requires that (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he was subjected to an adverse employment action; and (4) the employer treated similarly situated employees outside his protected class more favorably. *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 299 (7th Cir. 2004). Even when taking all of Plaintiff's allegations as true, the Court finds that he does not state a claim for discrimination. Plaintiff alleges that he performed his job satisfactorily, but that he was falsely written up and discharged because of his Christian beliefs. Although Plaintiff attempts to describe several situations where other Roselle Park District employees allegedly were treated more favorably than Plaintiff, he fails to allege that the employees were similarly situated in their conduct or that any of the employees were outside of his protected class. (*See* Compl. ¶¶ 2, 4, 8).

Further, none of the specific situations where Plaintiff received negative write-ups constituted adverse employment actions. *See Grube v. Lau Indus., Inc.*, 257 F.3d 723, 730 (7th Cir. 2001) (stating that a "negative performance evaluation is usually not

labeled an adverse employment action" because it is not "a significant change in employment status"). Only the resultant December 2003 discharge qualifies, and Plaintiff's disjointed allegations fail to allege that his eventual termination resulted from any religious-based discrimination beyond Basset's May 2003 comments. (Basset's specific comments, which form the basis for Plaintiff's retaliation claim, are the only time the complaint refers to religion outside of the reasonable accommodation claims, which the Court has already dismissed.) Accordingly, Plaintiff's religious discrimination claim is dismissed.

The Court also dismisses Plaintiff's retaliation claim. To state a claim for retaliation, Plaintiff must allege that he "engaged in statutorily protected expression, he suffered an adverse action by his employer, and there was a causal link between the protected expression and the adverse action." *Maarouf v. Walker Mfg. Co.*, 210 F.3d 750, 755 (7th Cir. 2000). Plaintiff alleges that he complained about Basset's religious comments to the EAP and others at work, and that an undated May 2003 negative evaluation was in retaliation for Plaintiff's complaints. As mentioned earlier, Plaintiff does not discuss the role of the EAP, but for purposes of the motion to dismiss and giving Plaintiff leeway as a *pro se* litigant, the Court assumes Plaintiff's complaint to the EAP was a form of protected expression. Plaintiff does not allege that his termination was in retaliation for any

complaints he made to the EAP. And, the undated May reprimand alone does not constitute an actionable adverse action.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss **is granted** in its entirety.

**IT IS SO ORDERED.**

								_____
								Harry D. Leinenweber, Judge
								United States District Court

Dated: April 28, 2005