IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER KOLUPA,<br><br>           Plaintiff,<br><br>    v.<br><br>ROSELLE PARK DISTRICT,<br><br>           Defendant. | Case No. 04 C 6385<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Christopher Kolupa's motions for leave to file an amended complaint and for reconsideration of the Court's 4/28/05 ruling granting Defendant's motion to dismiss Plaintiff's complaint in its entirety. The Court notes that Plaintiff did not properly notice his motions before the Court, nonetheless, the Court will rule on the pending motions.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1976), *aff'd*, 736 F.2d 388 (7th Cir. 1984). A motion to reconsider is appropriate where a court has patently misunderstood a party, made a decision outside the adversarial issues presented, made an error not of reasoning but of apprehension, or there has been a significant change in the law or facts since the court's decision. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191-92 (7th Cir. 1990).

Plaintiff has not presented the Court with any new Title VII law, nor has Plaintiff pointed to new evidence that was not available during the Court's initial consideration of the motion to dismiss. Plaintiff's generalized motion is not sufficient under the narrow reconsideration standard and is therefore **denied.**

Plaintiff also asks for leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a). The case was terminated upon the Court's motion to dismiss ruling and the Court denies Plaintiff's pending motion to reconsider, therefore the motion is **denied as moot.** The Court notes to Plaintiff that even if the motion to amend was procedurally appropriate, neither the Plaintiff's generalized plea for judicial relief in his motion, nor the six statements included in the motion for reconsideration would cure the deficiencies in his amended complaint.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: June 2, 2005